## Franklin Township v. Forsythe

*John R. White,* for Franklin Township.
*Barbara Forsythe,* and *Daniel H. Runkle,* pro se.

*Matthew Guthrie,* for Farmers Bank & Trust Company of Hanover.

SPICER, *P. J.,* December 2, 1987—For sake of convenience, we will refer to parties as follows:

(a) petitioner, Township of Franklin, as the township,

(b) respondents, Barbara Forsythe and Daniel H. Runkle, as landowners,

(c) respondent, Farmers Bank and Trust Company of Hanover, as mortgagee.

Proceedings presently before the court arise out of an order entered on February 23, 1987. The court sentenced landowners for contempt of court on that date. Part of the sentence consisted of escalating fines. The township seeks to have those fines treated as a municipal claim.

Originally, this was an action to enjoin violation of a township subdivision ordinance and the Pennsylvania Sewage Facilities Act, 35 P.S. §750 et seq. Mortgagee was not a party in the beginning. Pertinent to present proceedings, the township sought to enjoin violation of the Pennsylvania Sewage Facilities Act. That act defines violations as nuisances and authorizes abatement through court actions, 35 P.S. §750.12 and 750.14. Landowners consented to the entry of an injunction and, despite several extensions, failed to comply with the terms of the decree. Thus, on February 23, 1987, sentence was imposed. The court escalated fines for subsequent 30-day periods of violations. The fine was initially set at $10 per day, increased then to $25, $50 and finally, $100. Additionally, a jail sentence was imposed after 90 days.

The township's petition and rule were filed on September 15, 1987. The petition alleged that the court's actions had been instituted pursuant to the

Sewage Facilities Act and incorporated all orders previously entered. Neither the mortgagee nor the landowners have filed answers. The rule thus was entered absolute on October 26, 1987. Mortgagee filed a brief, but landowners have not participated further in the proceeding.

The Municipal Claims Act of 1923, as amended, 53 P.S. §7101 et seq., authorizes filing of municipal claims "to recover . . . for the removal of nuisances." In section 7107, the Legislature has provided that, "[t]he lien for the removal of nuisances shall exist in favor of, and the claim therefor may be filed against the property from which it is removed, or by which it is caused, by, any municipality by or for which the nuisance is removed."

Two issues have not been raised. Mortgagee does not challenge the proceeding adopted by the township. Thus, there is no argument that the township first should actually have filed a municipal lien. See *In re Reynolds,* 73 Pa. Commw. 372, 458 A.2d 311 (1983). Mortgagee has not raised the lack of allegations of sums certain. Although section 7101 specifically authorizes unliquidated claims for certain subjects, it is silent about nuisances. We say this only to explain why these issues are not discussed.

Mortgagee urges us to consider the meaning of "removal" in context. It is true that legislative attention is directed, through section 7101, mainly toward work performed and services rendered. Thus, mortgagee argues that the township must "actually expend funds or services and physically remove" a nuisance before entitled to municipal-claim status.

This argument would have more force were it not for the disjunctive in section 7101. As we read this section, it authorizes a claim not only against a property from which a nuisance is removed but also against the property causing a nuisance. This indi-

cates that the Legislature did not envision a condition precedent of services or physical removal.

It would also appear the legislation is to be liberally construed. *City of Scranton v. Hurst et al.,* 54 Lackawanna Jurist 121 (1953), 1 Pa.C.S. §1928(c). At the very least, the township would be entitled to a claim for costs, expenses and legal fees incurred in the pursuit of the court action since legal proceedings are specifically authorized and recognized by the Pennsylvania Sewage Facilities Act, supra.

Furthermore, we think the provisions should be interpreted in light of the mischief to the remedied and the object to be obtained. 1 Pa.C.S. §1921(3) and §1921(4).

In this particular case, fines were imposed to force landowners to comply. Those fines became increasingly stiff the longer violations persisted.

Violations of health laws, such as the act, supra, are a special genre, we believe. There may be occasions when people can purge themselves without expenditures of great sums of money. Usually, however, violators are marginally solvent and lack of funds may often be reason for continued violations. Jailing people will not achieve the remedy sought. If a property is heavily mortgaged, fines will not prove efficacious, either, unless the insulation of the mortgage is threatened.

Although we think there are good policy reasons for holding that these fines can be accorded municipal claim status, we recognize possible inequities that can result. To minimize those in this case, we will give mortgagee the right to a hearing to determine the actual amount of claim to which the township is entitled.

## ORDER

And now, this December 2, 1987, Franklin Township's request to file fines as a municipal claim is

granted. The mortgagee shall have the right to request a hearing for determination of the actual amount of the claim.